**David J. Riewald, OSB No. 880969**
driewald@bullardlaw.com
**Benjamin P. O'Glasser, No. 074858**
boglasser@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

> Attorneys for Defendants Window Products, Inc., dba Cascade Windows; David Love; Alice Norris; and Ryan Hopkinson

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NEIL DELPLANCHE,** | Case No. 3:16-cv-02319-AA |
| Plaintiff, | **DEFENDANTS' MOTION FOR SANCTIONS** |
| v. | **ORAL ARGUMENT REQUESTED** |
| **WINDOW PRODUCTS, INC. d/b/a CASCADE WINDOWS; DAVID LOVE; ALICE NORRIS; and RYAN HOPKINSON,** | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

Pursuant to Local Rule 7.1(a)(1)(B), undersigned counsel certifies that he made a good faith effort to confer with Plaintiff by telephone, but Plaintiff willfully refused to confer. *See* O'Glasser Decl. ¶ 15, Ex. E.

Page 1    **DEFENDANTS' MOTION FOR SANCTIONS**

## I.    MOTION

Pursuant to FRCP 37, Defendants Window Products, Inc., dba Cascade Windows, David Love, Alice Norris, and Ryan Hopkinson (hereinafter "Defendants") move the Court for sanctions against Plaintiff, Neil Delplanche, for his failure to appear at his deposition which was properly noticed and scheduled to occur on October 17, 2017, at 9:00 am.  Defendants move for the following sanctions:

**First**, Plaintiff's lawsuit should be dismissed with prejudice; and

**Second**, and alternatively, if this lawsuit is not dismissed, the Court should impose monetary sanctions with specific requirements regarding payments. Plaintiff should be required to reimburse Defendants for the reasonable costs incurred by Defendants that resulted from Plaintiff's failure to appear for his deposition, as well as for the anticipated cost of duplicative legal services related to his future deposition. As set forth herein, the total amount of costs and fees attributable to Plaintiff's conduct is $3,910.25.  Defendants request that the Court order that Plaintiff pay the full amount of any sanctions award by a specific date that is at least fourteen (14) days prior to the next scheduled deposition date.  The Court should require Plaintiff to appear in person at a Rule 16 Scheduling Conference to address his failure to appear for his deposition, to set new dates for completion of discovery, and to set a new date for Plaintiff's deposition.  Defendants request that the Court direct Plaintiff that this case will be subject to dismissal if the monetary sanctions are not timely paid in full.

## II.    FACTS

Plaintiff was terminated from employment at Defendant Cascade Windows ("Cascade") in August 2015.  In August 2016, Plaintiff filed a complaint with

Page 2   **DEFENDANTS' MOTION FOR SANCTIONS**

the Bureau of Labor and Industries ("BOLI").  Plaintiff voluntarily withdrew that complaint.  *See* O'Glasser Decl. ¶ 14.  Plaintiff then filed this lawsuit on December 14, 2016.  Defendants executed Waivers of Service of Summons [Dockets 4, 5, 6, and 7] and filed an Answer [Docket 8].

Defendants have in good faith participated in discovery, and repeatedly worked with Plaintiff to identify suitable dates for his deposition.  Plaintiff's deposition originally was scheduled for June 26, 2017.  *See* O'Glasser Decl. ¶ 3, Ex. A, Pl. Dep. 4:18-20; Dep. Ex. 1 (hereinafter "Pl. Dep.").  In late May 2017, Plaintiff's prior counsel sought to move the deposition and explained that Plaintiff had a new job that would require travel out of the country on the date set for his deposition.  *Id.* 4:21-24.  Defendants agreed to reschedule Plaintiff's deposition to August 22, 2017.  *Id.* 4:25-5:3; Dep. Ex. 2.  In late July 2017, Plaintiff's prior counsel again requested to move depositions.  *Id.* 5:4-6.  Defendants agreed to reschedule Plaintiff's deposition to October 17, 2017, and properly noticed the deposition—for the third time—on August 2, 2017.  *Id.* 5:7-11; Dep. Ex. 3. On August 9, 2017, Plaintiff's counsel filed a motion to withdraw that was granted by the court.  [Dockets 17, 18, and 19.]  Plaintiff has known of the need to find successor counsel since at least that day, which was 9 weeks and 6 days prior to the deposition.

On September 17, 2017, undersigned counsel emailed Plaintiff to remind him of his upcoming deposition.  *See* Pl. Dep. 5:18-21; Dep. Ex. 4.  On September 26, 2017, having received no response from Plaintiff, undersigned counsel sent by certified mail a letter reminding Plaintiff of his deposition and including a courtesy copy of the deposition notice.  *Id.* 5:2-6:2; Dep. Ex. 5.

On October 2, 2017, having received no response from Plaintiff,

Page 3   **DEFENDANTS' MOTION FOR SANCTIONS**

undersigned counsel left a voicemail for Plaintiff seeking to confirm that he was aware of his upcoming deposition.  *Id.* 6:3-5.  Plaintiff returned undersigned counsel's call that same day and affirmed that he was aware of and would attend his deposition.  *Id.* 6:6-8. Undersigned counsel confirmed the contents of that call via email.  *Id.* 6:9-11; Dep. Ex 6.

From October 2, 2017, to until 9:15 am on October 16, 2017, Plaintiff did not communicate with undersigned counsel, and Defendants proceeded to prepare for Plaintiff's deposition, incurring legal fees and other costs.  *Id.* 6:12-18.

With regard to legal fees, undersigned counsel spent 26 hours substantively preparing for Plaintiff's deposition.  O'Glasser Decl. ¶¶ 8-10.  Counsel's preparation time was reasonable based on Plaintiff's confirmation that he would attend his deposition and based on the particular needs of the case.  *Id.* ¶ 11.  If this matter goes forward, undersigned counsel conservatively estimates that an additional, duplicative, 5 hours of attorney time ($1,000 in fees) will be required to prepare for Plaintiff's deposition.  *Id.*  ¶ 10.

Defendants also incurred costs of $155.55 for court reporting services.  *Id.* ¶ 12.

Defendants incurred costs for a corporate representative to attend Plaintiff's deposition.  Alice Norris, who is both a named defendant in this lawsuit and serves as corporate representative for Defendant Cascade, made arrangements to travel to Portland, Oregon from Spokane, Washington in order to prepare for and attend the deposition.  Norris Decl. ¶¶ 5-6.  Ms. Norris made those arrangements after Plaintiff confirmed on October 2, 2017, that he would attend the deposition.  *Id.* ¶ 5.  Ms. Norris arrived on Sunday evening October 15, 2017, in order to meet with counsel beginning at

Page 4   **DEFENDANTS' MOTION FOR SANCTIONS**

8:30 am on October 16, 2017, in order to prepare for Plaintiff's deposition.  *Id.* ¶ 6.  Ms. Norris's travel costs total $1,094.70.

At 9:15 am on October 16, 2017, Plaintiff sent an email stating that he would not attend his deposition.  Pl. Dep. 6:22-7:1; Dep. Ex. 7.  At 9:56 am, undersigned counsel responded to Plaintiff's email, summarized portions of the foregoing timeline, and warned Plaintiff that Defendants would seek sanctions, including dismissal, if he failed to attend.  *Id.* 7:2-6; Dep. Ex. 8.  At 5:18 pm on October 16, 2017, Plaintiff responded to undersigned counsel's email and affirmed that he would not be attending the deposition.  *Id.* 7:7:12; Dep. Ex. 9.  Plaintiff has provided no explanation of his efforts to locate successor counsel or any explanation why he waited until less than 24 hours before his deposition to notify Defendants that he would not appear, despite his earlier confirmation that he would attend.

Defendants have incurred unnecessary legal fees as a result of Plaintiff's failure to attend his deposition.  The time attributable to correspondence with Plaintiff regarding his attendance at the deposition, putting his non-appearance on the record, and drafting this Motion is 13.3 hours ($2,660.00 in fees).  *Id* ¶ 9.

Plaintiff has abused the court system in the past.  In 2010, a California Superior Court Family Court Commissioner entered an Order Modifying Child Support in *Neil Delplanche v. Jessica Parnell*, Case No. CV-PT-07-1035, which was incorporated into the Jackson County, Oregon, Court Records in its Case No. 126129Z3.  The Commissioner wrote as follows:

> Determining an effective date for this order has vexed the undersigned, as this case involves both parties in a ceaseless battering of each other, using the court system as their primary weapon.  Indeed, the file now has outgrown several folders, and the Court has difficulty even finding old

Page 5   **DEFENDANTS' MOTION FOR SANCTIONS**

orders, which are buried in feet of paperwork. In order to avoid any additional hearings to argue the effective date, and taking all factors into consideration, including the welfare of the minor child, the Court orders that this modified order shall go into effect as of September 1, 2010.

O'Glasser Decl. ¶ 13, Ex. D.

## III.    ARGUMENT

### A.    Applicable Law

Recently, in *Hailey v. Ross*, No. 2:15-CV-02047-HZ, 2017 WL 1947505 (D.

Or. May 10, 2017), Judge Hernandez set forth the applicable law in this District:

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> The court where the action is pending may, on motion, order sanctions if ... a party ... fails, after being served with proper notice, to appear for that person's deposition .... Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Rule 37(b)(2)(A)(v) provides for dismissal of the action as a sanction. However, "[w]here the drastic sanctions of dismissal or default are imposed ... the losing party's noncompliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (*quoting Fjelstad*, 762 F.2d at 1341.)

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Subject to a few exceptions detailed in the Rule, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Court must weigh five factors to determine whether dismissal is warranted:

1. The public's interest in expeditious resolution of litigation;

2. The court's need to manage its docket;

3. The risk of prejudice to the party seeking sanctions;

4. The public policy favoring disposition of cases on their merits; and

5. The availability of less drastic sanctions.

*Moss v. The City of Los Angeles*, No. 12–57117, 2016 WL 5224360, at *1 (9th Cir. Sept. 22, 2016) (*citing Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.' " *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (*quoting Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991)). Dismissal may be affirmed when at least four factors favor dismissal or at least three factors strongly favor dismissal. *Calloway v. Hayward*, 651 F. App'x 637, 639 (9th Cir. 2016) (*citing Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

"A District Court is not required to make explicit findings regarding each of the factors, and it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *OmniGen Research v. Yongqiang Wang*, No. 6:16-CV-00268-MC, 2017 WL 2260071, at *3 (D. Or. May 23, 2017) (internal quotation omitted).

Where counsel is required to prepare a second time for a deposition, some duplicative work will be required.  *See, e.g., Obsidian Fin. Grp., LLC v. Cox*, No. CV-11-57-HZ, 2012 WL 243276 at *1 (D. Or. Jan. 23, 2012) (awarding fees and noting that counsel seeking fees "concedes that some of the time charged for the [October] deposition preparation was useful in connection with defendant's deposition taken [in November]").

## B.    The *Moss* factors favor dismissal

As set forth below, each of the considerations set forth in *Moss*, *supra*, favor dismissal.

### 1.    The public's interest in expeditious resolution of litigation and the Court's need to manage its docket

Page 7    **DEFENDANTS' MOTION FOR SANCTIONS**

This matter has been proceeding for over ten months.  Discovery deadlines have been extended twice and the current deadline for the close of discovery is November 15, 2017.  At Plaintiff's request, his deposition has been delayed twice before.  Now, Plaintiff failed—with less than 24 hours' notice—to appear at the third setting for his deposition.  It is unlikely that Defendants will have an opportunity to complete Plaintiff's deposition by the end of the current discovery deadline.[1]  If this case is not dismissed, the parties will require yet another new deadline to complete discovery.  Both of these factors favor dismissal.

### 2.    The risk of prejudice to the party seeking sanctions

This factor also favors dismissal.  The subject of this lawsuit is the termination of Plaintiff's employment, which occurred over two years ago.  Defendants have been forced to retain counsel, respond to an administrative complaint, answer a federal court complaint, respond to discovery requests, and prepare for depositions.

Plaintiff's dilatory conduct causes prejudice in that the passage of time since the events of this case may dull fact witnesses' recollection of events and employee turnover may cause witnesses to disperse.  Plaintiff also seeks as damages back pay, front pay, and prejudgment interest, which he alleges "continue to accrue."  *See* Compl. ¶ 69 [Docket 1].  Therefore, Plaintiff's conduct prejudices Defendants in that his delays may be an effort to bootstrap additional damages claims.

---

[1] Undersigned counsel will be out of the country October 20-30, 2017 and in a weeklong trial November 27-December 1, 2017.  Due to the Thanksgiving holiday, there are only 17 working days between undersigned counsel's return from abroad and the commencement of the trial.  Based on the anticipated trial pleadings and preparation needs for that other matter, undersigned counsel would be reluctant to schedule a deposition of a plaintiff in an employment matter during this time period.

Page 8   **DEFENDANTS' MOTION FOR SANCTIONS**

Finally, Plaintiff's conduct in affirming that he would attend his properly noticed deposition and then waiting until less than 24 hours before the long-scheduled deposition was to occur caused Defendants to incur significant costs. The passage of time between October 17, 2017 and any future deposition date will require duplicative efforts of Defendants' counsel to adequately prepare for a deposition.

### 3.   The public policy favoring disposition of cases on their merits

Plaintiff has already had an opportunity to have his allegations disposed of on their merits. Plaintiff initially pursued his claims with an administrative body, having filed a complaint with BOLI regarding the same underlying dispute that is the subject of this lawsuit. Plaintiff had the opportunity to allow BOLI to investigate and make findings on his allegations. However, Plaintiff voluntarily withdrew his administrative complaint, depriving the public of a prior opportunity to achieve a merit-based disposition of his complaints. Therefore, Plaintiff should be estopped from arguing that this factor is a basis for the court not to dismiss this action.

### 4.   The availability of less drastic sanctions

Defendants submit that less drastic sanctions are not appropriate. Plaintiff has not offered any reasonable explanation as to why he waited until less than 24 hours before his deposition to state that he would not attend. The conclusions of a prior Court official regarding Plaintiff's willingness (albeit in a different case) that Plaintiff had engaged in "ceaseless battering" of an opposing side "using the court system as their primary weapon" indicates that Plaintiff is not an unsophisticated pro se litigant who should be afforded leniency.

Page 9   **DEFENDANTS' MOTION FOR SANCTIONS**

In this case, Plaintiff represented that he would attend his deposition and then waited until the eleventh hour to say otherwise. Plaintiff's actions reflect a disregard for this Court's rules. His conduct in a prior case suggest that no less drastic sanction than dismissal will deter him or other similarly situated parties from similar conduct in the future.

As set forth above, if the Court determines that a less drastic sanction is appropriate, Defendants respectfully request the following: **First**, the Court should award monetary sanctions as requested herein, and order that Plaintiff pay the sanctions by a specific date that is at least fourteen (14) days prior to the next scheduled deposition date. This will allow Defendants to avoid much of the cost of preparing for a deposition if Plaintiff does not comply with this Court's order. Defendants submit that the requested monetary sanctions are reasonable, as detailed in the declarations filed herewith. Defendants decline to expend additional attorney time providing further explanation of the reasonableness of their costs and fees unless the Court indicates that such exposition would be helpful. **Second**, Plaintiff should be required to appear in person at a Rule 16 Scheduling Conference to address his failure to appear for his deposition and to set new dates for completion of discovery, including Plaintiff's deposition. **Third**, Defendants request that the Court direct Plaintiff that this case will be subject to dismissal if the sanctions award is not timely paid in full.

## IV.    CONCLUSION

Defendants respectfully request that this Court impose sanctions for Plaintiff's conduct. Defendants request that the Court grant this motion and provide the following relief:

Page 10 **DEFENDANTS' MOTION FOR SANCTIONS**

        1.      An order dismissing Plaintiff's case, with prejudice; or

        2.      Alternatively, an award of monetary sanctions in the amount of $3,910.25 for the reasonable expenses that Defendants incurred as a result of Plaintiff's conduct, with the specific requirements proposed herein related to the timing of payment and consequences for failure to comply with the Court's order.

DATED:  October 19, 2017.

BULLARD LAW


By s/Benjamin P. O'Glasser
    David J. Riewald, OSB No. 880969
    driewald@bullardlaw.com
    Benjamin P. O'Glasser, No. 074858
    boglasser@bullardlaw.com
    Attorneys for Defendants

5495/4 785797

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017 I served the foregoing

**DEFENDANTS' MOTION FOR SANCTIONS** on:

> Mr. Neil Delplanche
> 14333 NE Rose Pkwy
> Portland, OR  97230
> ndelplanche@aol.com

☑       by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☑       by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐       by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐       by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐       by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☑       by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

> s/ Benjamin P. O'Glasser
> David J. Riewald, OSB No. 880969
> Benjamin P. O'Glasser, No. 074858