IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NEIL DELPLANCHE,

    Plaintiff,

v.

WINDOW PRODUCTS, INC. d/b/a CASCADE
WINDOWS; DAVID LOVE; ALICE NORRIS;
and RYAN HOPKINSON,

    Defendants.

3:16-cv-02319-AA
**OPINION AND ORDER**

AIKEN, District Judge:

In this action, plaintiff Neil Delplanche asserts that defendants Window Products, Inc., David Love, Alice Norris, and Ryan Hopkinson ("defendants") violated his rights under the Equal Pay Act, the Fair Labor Standards Act, and Oregon's employment discrimination and whistleblower protection statutes. Defendants move for imposition of sanctions against plaintiff under Federal Rule of Civil Procedure 37(d). For the reasons set forth below, defendants' motion for imposition of sanctions is denied.

## BACKGROUND

Plaintiff worked for defendants from about November 5, 2014 until he was terminated on August 19, 2015. On December 14, 2016, plaintiff filed this action, asserting unlawful termination under the Equal Pay Act, the Fair Labor Standards Act, and various state laws. On August 9, 2017, plaintiff's attorney Mitra Shahri filed a motion requesting to withdraw as counsel, which was granted.

At the time of the attorney's withdrawal, plaintiff's deposition was scheduled for October 17, 2017.[1] *Id.* Defendants' attorney, Benjamin O'Glasser, reminded plaintiff of his upcoming deposition via email and certified mail on September 17, 2017, and September 26, 2017, respectively.

On October 2, 2017, plaintiff spoke with Mr. O'Glasser regarding the deposition scheduled for October 17, 2017 and told him that he had not yet obtained counsel. Plaintiff states that when he asked if the deposition should be rescheduled, Mr. O'Glasser asked if plaintiff thought he would be able to secure representation by October 17. Plaintiff responded that he thought he could and that he would do his best.

On October 16, 2017, at 9:15 a.m., plaintiff sent an email to Mr. O'Glasser stating that he had not yet obtained new representation and would, as a result, be unable to attend the deposition. At 9:56 a.m., Mr. O'Glasser responded that defendants would seek sanctions including dismissal if plaintiff failed to attend the deposition. At 5:18 p.m., plaintiff sent a second email affirming that he would not be attending the deposition. Plaintiff did not attend the deposition on October 17, 2017. *Id.* Defendants now ask for imposition of sanctions against plaintiff for his absence on October 17, 2017 deposition.

---

[1] The deposition was originally set for June 26, 2017, but was postponed twice at plaintiff's request. O'Glasser Decl. Ex. A (doc. 21–1).

## STANDARDS

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), a party's failure to attend its own deposition may be a ground for sanctions. The sanctions the court may order include striking pleadings or dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v); Fed. R. Civ. P. 37(d)(3). As a threshold matter, when a party seeks the extreme sanction of dismissal, a court must first find that the conduct to be sanctioned was "due to willfulness, fault, or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal quotation marks omitted). Within the Ninth Circuit, "[b]efore imposing the harsh sanction of dismissal, the district court must weigh several factors" to ensure that a sanction is warranted. *Id.* The court should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

## DISCUSSION

Defendants seek sanctions against plaintiff for his failure to appear at his deposition. Defendants move for a dismissal of plaintiff's lawsuit with prejudice. Alternatively, if the lawsuit is not dismissed, defendants seek an imposition of monetary sanctions with specific requirements regarding payments. Defendants allege that the total amount of costs and fees attributable to plaintiff's conduct is $3,910.25.

In a brief filed by new counsel, Daniel Snyder,[2] plaintiff argues that defendants' presentation of this case as "one of a party willfully refusing to be deposed" is simply not true. Pl.'s Res. to Defs.' Mot. Sanctions 2 (doc. 26). Plaintiff contends that because he informed

---

[2] Plaintiff retained Mr. Snyder October 24, 2017.

Page 3 – OPINION AND ORDER

defendants regarding his inability to attend before the deposition took place, he did not "miss" or "fail to appear [at]" the deposition. *Id.* at 5–6. Specifically responding to the alternative request for monetary sanctions, plaintiff contends that most of defendants' costs are not fairly attributed to his absence because that work will be used when he appears for his deposition now that he has counsel. He also notes that, particularly as a *pro se* litigant, he did not know that a company representative would be flying to Portland for the deposition.

As a threshold matter, I find that plaintiff's decision not to appear at his scheduled deposition was willful. It is undisputed that plaintiff knew about the deposition and decided not to attend. I now proceed to consider the *Anheuser-Busch* factors.

Because the first two factors, "the public's interest in expeditious resolution of litigation" and "the court's need to manage its dockets," are closely related, I address them both together. *Anhesuer-Busch*, 69 F.3d at 348. It is true that rescheduling plaintiff's deposition will cause some delay. Considering the fact that this case just started last year and that the parties were still in the discovery phase when this motion was filed, however, any inconvenience that may be caused due to rescheduling has a *de minimis* impact on expeditious resolution of litigation and court's need to manage its dockets. Contrary to defendants' argument, a matter "proceeding for over ten months" is not the sort of exceptionally long delay that burdens the court's dockets. Defs.' Mot. Sanctions 8 (doc. 20). Accordingly, both factors weigh against dismissal.

The third factor, the prejudice inquiry, is a "key factor" in weighing a motion for a dismissal sanction and often receives "[s]ubstantial weight" in the five-factor analysis. *Kopitar v. Nationwide Mut. Ins. Co.*, 266 F.R.D. 493, 496 n.2 (E.D. Cal. 2010) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) and *Banga v. Experian Info. Solutions*, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4, 2009)). A moving party suffers prejudice if the non-moving

Page 4 – OPINION AND ORDER

party's actions impair its ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Generally, delay alone is insufficient to show prejudice. *Id.*; *see also U.S. for the Use and Ben. of Wiltec Guam, Inc., v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988).

Defendants argue that they would suffer prejudice mainly due to delay, which potentially could affect fact witnesses' recollection of events or make fact witnesses harder to locate due to employee turnover. Defendants also argue they have been prejudiced by incurring additional costs to prepare for the deposition. First, a delay of a few months is not long enough to show prejudice due to witnesses' memories going stale. Now that plaintiff has successfully obtained legal counsel, I do not believe that the next deposition will be scheduled so far away as to jeopardize fact witnesses' recollection. In addition, as pointed out by plaintiff, preparing for a rescheduled deposition is a routine part of civil litigation. Therefore, I am unable to find that plaintiff's action created a risk of prejudice to defendants that warrants dismissal.

Fourth, public policy favors disposition of cases on their merits. Defendants argue that plaintiff should be estopped from arguing public policy based on his withdrawal of BOLI complaint prior to this instant lawsuit. But whether plaintiff pursued his claim through an administrative body prior to this suit has no bearing as to the public policy concern for this particular case. While there are circumstances where the egregious nature of a party's misconduct outweighs this public policy concern, this case certainly does not present such circumstances. The fourth factor also weighs against the dismissal action.

Finally, a court commits reversible error when it fails to consider the "adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131 (quoting *United States v. Nat'l Medical Enters.*,

*Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). Less drastic sanctions are clearly available in this case, as defendants have requested monetary sanctions. Because all five *Anheuser-Busch* factors weigh against dismissal, I decline to impose that harsh sanction.

Even though I have discretion to impose a lesser sanction, I do not find any form of sanction is proper in this case. Plaintiff demonstrated that he diligently tried to obtain legal counsel after the withdrawal of his prior counsel. He informed Mr. O'Glasser the day before the deposition he had been unsuccessful in that effort and would need to reschedule. A certain amount of delay in civil litigation should not be a surprise to either party. And plaintiff, who was *pro se*, is entitled to more leniency than a represented party would receive under similar circumstances. Now that plaintiff has retained a new counsel, I trust that there will be no further issue in scheduling the deposition. I conclude that this is not a case for sanctions.

## CONCLUSION

For these reasons, defendants' motion for Imposition of Sanctions (doc. 20) is DENIED. Defendants' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 18th day of December 2017.

Ann Aiken
United States District Judge