IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NEIL DELPLANCHE,

    Plaintiff,

vs.

WINDOW PRODUCTS, INC. d/b/a
CASCADE WINDOWS; DAVID LOVE;
ALICE NORRIS; and
RYAN HOPKINSON,

    Defendants.

Case No. 3:16-cv-02319-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Neil Delplanche filed this action against his former employers in 2016. Doc. 1. In 2018, the parties settled, and this case was dismissed. Docs. 37, 38. Now, plaintiff has filed a pro se "Ex Parte motion for an Order to Seal Case from the Public Record & Remove the Case File from the Internet" (doc. 39), asking the Court to seal this case and all documents in the record and to order third parties to remove copies

of case filings from the internet and prohibit the future posting of case-related information on the internet. For the following reasons, the motion is DENIED.

## BACKGROUND

Plaintiff worked for defendants from November 2014 until he was terminated on August 19, 2015. On December 14. 2016, he filed this action, asserting unlawful termination under the Equal Pay Act, the Fair Labors Standards Act, and various state laws. On March 14, 2018, the parties filed a Stipulated Judgment of Dismissal, which stipulated that "this case, having been compromised and fully settled, be dismissed with prejudice and without costs or attorneys' fees to any party" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. 37. The Court entered a judgment of dismissal on March 15, 2018. Doc. 38.

On April 13, 2021, plaintiff filed this motion. In it, he alleges that, after the case settled "several third-party entities pulled the case filing and all supporting documents with confidential salary information of the Plaintiff" from the District of Oregon's "records database and the case file was then posted all over internet search engines," for prospective employers to find. Doc. 39 at 1–2. As a result, prospective employers have asked plaintiff about the case during several job interviews. *Id*. at 2. But plaintiff cannot "disclose the terms and conditions of [his] discharge without violating the terms and conditions of the [2018] settlement agreement." *Id*.

Plaintiff identified at least seven third parties that "posted the case file to . . . multiple search engines." *Id*. When he asked them to remove the postings, six of the parties agreed to do so. *Id*. One, Leagle.com, refused to remove the postings without

a court order. *Id.* Plaintiff also contacted Google, Bing, and Yahoo, to see if they would agree to remove Leagle.com's postings, but the search engines also refused to do so without a court order. *Id.* at 3.

Plaintiff alleges that the presence of case information on the internet, coupled with his obligations under the settlement agreement has "hindered [his] ability to be gainfully employed" and "is affecting [his] ability to provide for his family at a financial setback of over several hundred thousand dollars," which "violates [his] civil liberties to due process." *Id.* at 2. He also asserts that the postings violate his rights to privacy under the Federal Privacy Act, 5 U.S.C. § 552A, *et seq*. *Id.* at 5. Plaintiff asks the Court to "seal this case and all of its filings and documents from [the] public record" and to order third parties, including but not limited to 11 parties listed by plaintiff, to "remove the case filing" currently posted on the internet and "cease and desist from any future internet postings." *Id.* at 8.

## DISCUSSION

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 598. Unless a particular court record is one "traditionally kept secret,"[1] a "strong

---

[1] Ninth Circuit case law has identified two categories of documents that are "traditionally kept secret": grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Neither applies here.

presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

When a party seeks to seal an entire case file, as plaintiff does here, courts have required that party to meet the high threshold of showing that "compelling reasons" support the need for secrecy. *See In re Crownover*, 2015 U.S. Dist. LEXIS 1645, at *2 (N.D. Cal. Jan. 7, 2015) (applying compelling reasons standard to motion to seal entire case); *Blow v. Bureau of Prisons*, 2010 U.S. Dist. LEXIS 20949, at *1 (E.D. Cal. Feb. 12, 2010) (same). Under this standard, the party must "articulate[] compelling reasons supported by factual findings, *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process[,]" *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In turn, the court must "conscientiously balance[] the competing interests" of the public and the party who seeks to keep the judicial records secret. *Foltz*, 311 F.3d at 1135.

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Page 4 – OPINION AND ORDER

Plaintiff's request to seal this entire case along with all associated electronic records because potential employers' knowledge of this lawsuit has caused them to ask difficult questions during interviews and made it hard for him to find work does not meet the "compelling reasons" standard. And plaintiff fails to cite any legal authority to suggest that it does.

Plaintiff suggests that third parties who posted records from this case on the internet violated his rights under the Federal Privacy Act and Fourteenth Amendment. Under the Act, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. 5 U.S.C. § 522a(b). As its express terms indicate, the Act does not regulate the disclosure of records by private individuals or this Court—it applies only to the release of information by federal agencies. *See Larkins v. Prenovost*, No. CV 17-3294-DMG (Ex), 2017 WL 8220229, at *1 (C.D. Cal. Jul. 5, 2017) (citing *Unt v. Aerospace Corp.*, 765 F.2d 1400, 1447 (9th Cir. 1985); *NLRB v. Vista Del Sol Health Servs.*, 40 F. Supp. 3d 1238, 1268 (C.D. Cal. 2014)). Similarly, the Fourteenth Amendment does not apply to private parties or this Court, but rather to the state and state actors. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"). And, even if the Fourteenth Amendment applied, plaintiff has failed to allege a violation of his rights under it. Although the Due Process Clause protects a person's liberty

Page 5 – OPINION AND ORDER

"to engage in any of the common occupations of life[,]" *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972), it does not confer an absolute right to engage in any occupation, *Paul v. Davis*, 424 U.S. 693, 711 (1976). Plaintiff's allegations fail to show that the internet presence of information related to this lawsuit has resulted in a "complete prohibition of [his] right to engage in a calling" rather than "merely a brief interruption in [his] ability to pursue an occupation of profession." *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999) (internal quotation marks omitted).

## CONCLUSION

For the reasons above, plaintiff's Motion to Seal is DENIED.

IT IS SO ORDERED.

Dated this  15th  day of April 2021.

                                                  /s/Ann Aiken

                                                  Ann Aiken
                                     United States District Judge